KELSEY L. SHEWBERT, ISB # 11359
HOLT WOODS & SCISCIANI LLP
701 Pike Street, Suite 2200
Seattle, WA 98101
Telephone: (206) 262-1200
Facsimile: (206) 223-4065
kshewbert@hwslawgroup.com

*Attorney for Defendants*

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODERICK CAINE,<br><br>  Plaintiff,<br><br> v.<br><br>HOME DEPOT U.S.A., INC., THE HOME DEPOT, HOME DEPOT MANAGEMENT COMPANY, THE HOME DEPOT SUPPLY BUILDER SOLUTIONS, TRICAM INDUSTRIES, INC., DOES I-V, AND BUSINESS ENTITIES 1-10, unknown parties,<br><br>  Defendants. | NO.<br><br>DEFENDANTS' NOTICE OF REMOVAL<br><br>JURY DEMAND OF TWELVE |

**TO:**   Clerk of the United States District Court for the Southern Division of Idaho:

Please take note that Defendants Home Depot U.S.A., Inc., The Home Depot, Home Depot Management Company, The Home Depot Supply Builder Solutions and Tricam Industries, Inc. (hereinafter "Defendants")  hereby remove to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

//

## I.   STATE COURT ACTION

1. The State Court action to be removed *Roderick Caine v. Home Depot U.S.A., Inc. et al.*, District Court of the Fourth Judicial District of the State of Idaho, Ada County No. CV01-22-12388 (Plaintiff's Complaint – **Exhibit A**.)

## II.   TIME FOR REMOVAL

2. Plaintiff filed his action in Ada County District Court on January 27, 2022. The Complaint was served on Home Depot U.S.A., Inc., Home Depot Management Company and The Home Depot Supply Builder Solutions on February 21, 2022. Home Depot U.S.A., Inc., Home Depot Management Company and The Home Depot Supply Builder Solutions therefore have until March 23, 2022 or thirty days after service of Plaintiff's Complaint, to move for removal to this Federal District Court. 28 U.S.C. § 1446(b).

The remaining Defendants have not been served. The remaining Defendants, however, all consent to this removal.

## III.   BASIS FOR REMOVAL

3. A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

   A. **Amount in Controversy**

4. Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

DEFENDANTS' NOTICE OF REMOVAL - Page 2

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

5. The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

6. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes). see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d

880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

7. Similar damage allegations in personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); *accord Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

8. Plaintiff alleges that on or about August 23, 2020, Plaintiff fell from a ladder at his home when he stepped up onto the third step of the ladder and the back leg of the ladder allegedly collapsed and caused the ladder to tip, thereby causing Plaintiff to fall to the hard concrete ground and injure both of his upper extremities. **Ex. A ¶ VI.** Plaintiff alleges that as a result, he fell on his forearms on the concrete and sustained severe injuries which required substantial emergency treatment, surgical examination, anesthesia, surgery and physical therapy. **Ex. A ¶VII.**

9. Furthermore, a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *See Cohn v.*

*PetSmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002); *Chase v. Shop `N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-30 (7th Cir.1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir.1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is `apparent' that removal was proper."). In the present case, on July 23, 2021, Plaintiff made a pre-litigation demand in the amount of $233,534.04. *See Declaration of Kelsey L. Shewbert,* ¶3.

10. Attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Plaintiff seeks an award for Plaintiff's reasonable attorney fees and costs incurred in this instant action. **Ex. A** ¶ VIII.

11. Therefore, it is apparent from the face of Plaintiff's Complaint and Plaintiff's demand that Plaintiff is alleging damages in excess of $75,000.

B. **Diversity of Citizenship**

12. Plaintiff is a citizen of Meridian, Ada County, Idaho. **Exh. A**.

13. Defendant Home Depot, U.S.A., Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert,* ¶4. Therefore, for the purpose of removal based on diversity jurisdiction, Home Depot U.S.A., Inc. is a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

14. Defendant The Home Depot is an assumed business name of Home Depot U.S.A., Inc. *See Declaration of Kelsey L. Shewbert,* ¶5. Home Depot, U.S.A., Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert,* ¶4. Therefore, for the purpose of removal based on diversity jurisdiction, The Home Depot is a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

15. Defendant Home Depot Management Company, LLC is a limited liability company. Its sole member is The Home Depot, Inc. *See Declaration of Kelsey L. Shewbert,* ¶6. An LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Home Depot, Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert,* ¶7. Therefore, for the purpose of removal based on diversity jurisdiction, Home Depot Management Company, LLC is a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

16. Defendant The Home Depot Supply Builder Solutions is an assumed business name of Home Depot U.S.A., Inc. *See Declaration of Kelsey L. Shewbert,* ¶8. Home Depot, U.S.A., Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert,* ¶4. Therefore, or the purpose of removal based on diversity jurisdiction, The Home Depot Supply Builder Solutions is a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

17. Defendant Tricam Industries, Inc. is a corporation incorporated in the State of Minnesota with its principal place of business in Minnesota. *See Declaration of Kelsey L. Shewbert,* ¶9. Therefore, for the purpose of removal based on diversity jurisdiction, Tricam Industries, Inc. is a citizen of Minnesota. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

18. Does I-V are fictitious names and therefore shall be disregarded for the purpose of removal based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

19. Business Entities 1-10 are fictitious names and therefore shall be disregarded for the purpose of removal based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

## IV.   REQUIRED DOCUMENTS

20. Defendants will promptly file a copy of this Notice with the Clerk of the Ada County District Court and will give written notice to all adverse parties. 28 U.S.C. § 1446(d).

21. Defendants will file with the District Court of Idaho a Civil Cover Sheet and copy of the entire state court records and the docket sheet will be provided at the time of filing this Notice. Idaho Local Civil Rule 81.1(a).

22. In accordance with 28 U.S.C. § 1446(a) and Local Rule Civ 81.1, attached are the following documents which have been served on Home Depot U.S.A., Inc., Home Depot Management Company and The Home Depot Supply Builder Solutions: **Exhibit A** – the Complaint; **Exhibit B** – Summons.

## V.   JURY DEMAND

23. As permitted by Fed. R. Civ. P. 38, Fed. R. Civ. P. 81(c)(3), and Idaho Local Civil Rule 38.1, Defendants demand a jury of twelve (12).

## VI. INTRADISTRICT ASSIGNMENT

24. This matter should be assigned to the Southern Division, as the alleged events in this matter arose in Ada County. Idaho Local Civil Rule 3.1.

WHEREFORE, Defendants request that the above action, *Roderick Caine v. Home Depot U.S.A., Inc. et al.*, District Court of the Fourth Judicial District of the State of Idaho, Ada County No. CV01-22-01288 be removed to the United States District Court for the Southern Division of Idaho.

DATED this 14th day of March, 2022 in Seattle, Washington.

HOLT WOODS & SCISCIANI LLP

*s/ Kelsey L. Shewbert*
Kelsey L. Shewbert, ISB No. 11359
kshewbert@hwslawgroup.com
701 Pike Street, Suite 2200
Seattle, WA 98101
(206) 262-1200
Attorney for Defendants