Electronically Filed
1/27/2022 4:16 PM
Fourth Judicial District, Ada County
Phil McGrane, Clerk of the Court
By: Ashley Pescador, Deputy Clerk

Russell L. Johnson (4857)
JOHNSON & LUNDGREEN, PC
2541 East Gala Street, Suite 210
Meridian, ID  83642
Phone:  (208) 376-5256
Fax:  (208) 376-5907
Email: rlj@jlinjurylaw.com

*Attorneys for Plaintiff Roderick Caine*

### IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

### THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| RODERICK CAINE, | ) | CASE NO.  CV01-22-01388 |
| | ) | |
| Plaintiff, | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| v. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC., THE HOME | ) | |
| DEPOT, HOME DEPOT MANAGEMENT | ) | |
| COMPANY, THE HOME DEPOT SUPPLY | ) | |
| BUILDER SOLUTIONS, TRICAM | ) | |
| INDUSTRIES, INC., DOES I-V, AND | ) | |
| BUSINESS ENTITIES 1-10, unknown parties, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the Plaintiff, RODERICK CAINE, by and through his attorneys of

record, JOHNSON & LUNDGREEN, PC, and complains and alleges against Defendant(s) as

follows:

### **GENERAL FACTS**

#### I.

At all times material hereto, Plaintiff, RODERICK CAINE (hereinafter "Plaintiff") was a

resident of Meridian, Ada County, Idaho.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

II.

At all times material hereto, Defendant Home Depot U.S.A, Inc., is a business entity organized under the laws of the State of Delaware, with its corporate headquarters in Atlanta, Georgia, and licensed to do business in the State of Idaho.

Upon information and belief, and at all times material hereto, the entities known as The Home Depot and The Home Depot Supply Builder Solutions, are assumed business names of Home Depot U.S.A. Inc. and are licensed to do business in the State of Idaho.

Upon information and belief, and at all times material hereto, Home Depot Management Company, LLC, is a limited liability corporation organized under the laws of the State of Delaware with its headquarters in Atlanta, Georgia, and licensed to do business in the State of Idaho.

Upon information and belief, and at all times material hereto, Tricam Industries, Inc., is a corporation organized under the laws of the State of Minnesota, with its headquarters in Eden Prairie, Minnesota and licensed to do business in the State of Minnesota. Tricam does business in Idaho and subjects itself to Idaho law and jurisdiction by selling products within the State.

III.

The true names of Does I — V are unknown. Each of the Doe Defendants is responsible in some manner for the acts and omissions alleged herein, and each is the agent and employee of the others. The true names of Business Entities 1-10 are unknown. Each of the Business Defendants is responsible in some manner for the acts and omissions alleged herein, and each is the agent and employee of the others. Plaintiff will move the Court to allow amendment when any additional Does and/or Business Entities become known.

IV.

This Court has subject matter jurisdiction in this action and the damages herein will be in excess of $10,000.00.

V.

This court has personal jurisdiction over the above-named Defendant(s) pursuant to *I. C. Sec. 5-514*.

VI.

## ALLEGATIONS

1.      Gorilla Model GLX-5B ladders are devices that individuals stand on in order to reach areas higher than they able to reach from the ground for cleaning, painting, or in other ways working on the unreachable area.

2.      Gorilla Model GLX-5B ladders have load capacity sticker on the side of the ladder indicating that the ladder will hold up to 300 lbs.

3.      Gorilla Model GLX-5B ladders are designed, manufactured and marketed to be sold and used by individuals weighing up to Three Hundred Pounds (300 lbs).

4.      Defendant TRICAM designed, manufactured, distributed and marketed the Gorilla Model GLX-5B ladders to retailers and/or individuals in the State of Idaho.

5.      Defendant HOME DEPOT U.S.A., INC.; THE HOME DEPOT; HOME DEPOT MANAGEMENT COMPANY; and/or THE HOME DEPOT SUPPLY BUILDER SOLUTIONS and each of them distributed Gorilla Model GLX-5B ladders to be sold at their retail stores in Idaho.

6.      Upon information and belief, Defendant(s) designed, manufactured, distributed and/or marketed a Gorilla Model GLX-5B ladder, which was ultimately used by Plaintiff when he started to paint the exterior of his house on August 23, 2020.

7.      Plaintiff Roderick Caine brings this action to recover damages resulting from a fall from the ladder at his home when he stepped up onto the third step on the Gorilla Model GLX-5B ladder and the back legs of the ladder collapsed and caused the ladder to tip, thereby

causing Plaintiff to fall to the hard concrete ground and injuring both of his upper extremities.
The Gorilla Model GLX-5B ladder gave way for the reason it was defectively designed and
manufactured. Specifically, during the use of the ladder, one of its back legs buckled inward and
collapsed, which resulted in Plaintiff falling to the ground, landing on his forearms on the
concrete, sustaining severe injuries which required substantial emergency treatment, surgical
examination, anesthesia, surgery and physical therapy.

## VII.

## CLAIMS FOR RELIEF

### A.   First Claim for Relief - Products Liability

8.   Plaintiff Roderick Caine incorporates paragraphs 1 through 7 of his Complaint as if
set forth herein.

9.   At all relevant times hereto, Defendant(s), and each of them, were engaged in the
business of designing, manufacturing, assembling, selling and/or distributing the Gorilla Model
GLX-5B ladder, at issue in this instant lawsuit for ultimate retail sale and use by consumers.
Defendant(s), and each of them, designed, manufactured, assembled, sold, and distributed the
Gorilla Model GLX-5B to be sold to consumers such as Plaintiff Roderick Caine.

10.   The Gorilla Model GLX-5B ladders were defective and, because of the defect,
were unreasonably dangerous to persons who might reasonably be expected to use the ladders.

11.   The Gorilla Model GLX-5B ladders were defective at the time they were sold,
distributed or manufactured by Defendant(s) and/or left their control.

12.   The Gorilla Model GLX-5B ladders were expected to reach customers without
substantial change from the condition in which they were sold. The Gorilla Model GLX-5B

ladder purchased by Plaintiff Roderick Caine on July 4, 2020, and was used by Plaintiff Roderick Caine without substantial change in the condition in which it was sold.

13.    Plaintiff Roderick Caine utilized the Gorilla Model GLX-5B ladder, in the manner in which it was intended to be used, that is, for climbing the rungs to reach areas higher than he could reach to clean, paint or perform other work in those areas.

14.  Plaintiff Roderick Caine was not aware of, and could not, in the exercise of reasonable care have discovered, the defective nature of the Defendant(s') Gorilla Model GLX-5B ladder, nor could he have known that Defendant(s) had designed, manufactured, and/or assembled the Gorilla Model GLX-5B ladder in a manner that would cause the risk of bodily injury to him.

15.  As a direct and proximate result of Defendant(s') design, manufacture, assembly, sale and distribution of the Gorilla Model GLX-5B ladder, Plaintiff Roderick Caine has suffered personal injuries and damages, including but not limited to, severe physical pain, surgical procedures, medical care and treatment, medical expenses, loss of enjoyment of life, loss of income, fear of dangerous and life-threatening falls and delay in accomplishing the work he intended to do, all caused by the defective Gorilla Model GLX-5B ladder as well as other damages.

16.    Defendant(s) are strictly liable to Plaintiff Roderick Caine based upon the defective and unreasonably dangerous condition of the Gorilla Model GLX-5B ladder, by failing to issue warnings of the dangers caused by the defective Gorilla Model GLX-5B ladder and for the defective design and/or manufacture of the Gorilla Model GLX-5B ladder.

**B.**   **Second Claim for Relief - Negligence**

17.     Plaintiff incorporates paragraphs 1 through 16 of his Complaint as if set forth herein.

18.     Defendant(s) had a duty to exercise reasonable care in the manufacture, design and/or supply of the Gorilla Model GLX-5B ladder, into the stream of worldwide commerce, including a duty to exercise reasonable care to assure that the Gorilla Model GLX-5B ladder was safe for its intended use by consumers.

19.     Defendant(s) negligently failed to exercise reasonable care in the research, testing, design, manufacture, and supply of the Gorilla Model GLX-5B ladder, into the stream of worldwide commerce.

20.   An agent of one or all of the Defendant(s) failed to exercise reasonable care in communicating with Plaintiff with respect to the painful and life-threatening fall experienced by Plaintiff Roderick Caine.  Such failure to exercise reasonable care in communicating with Plaintiff Roderick Caine includes the failure to warn of defects in the Gorilla Model GLX-5B ladder, of which Defendant(s) were, or should have been, aware of.

21.   As a direct and proximate result of Defendant(s') negligent conduct, Plaintiff Roderick Caine has suffered damages as outlined in paragraph 7 above.

22.     Defendant(s) are liable to Plaintiff Roderick Caine for his damages which he has sustained as a result of Defendant(s') failure to exercise reasonable care in the inspection and testing of the Gorilla Model GLX-5B ladder, failure to warn of dangers related to the Gorilla Model GLX-5B ladder, and for failing to exercise reasonable care in the design and/or manufacture of the Gorilla Model GLX-5B ladder.

**C.    Third Claim for Relief - Breach of Implied Warranty**

23.    Plaintiff Roderick Caine incorporates paragraphs 1 through 22 of his Complaint as if set forth herein.

24. Defendant(s) sold, distributed or otherwise placed in the stream of commerce the Gorilla Model GLX-5B ladder.

25.  By placing the Gorilla Model GLX-5B ladder into the stream of commerce with the intent that they be used by consumers such as Plaintiff Roderick Caine, Defendant(s) impliedly warranted that the Gorilla Model GLX-5B ladders were fit and safe for their intended use.

26.    The defect in the Gorilla Model GLX-5B ladder, manufactured and supplied by Defendant(s) was present at the time the products left the control of Defendant(s).

27.    Plaintiff Roderick Caine was a foreseeable user of Defendant(s') Gorilla Model GLX-5B ladder.

28.  Defendant(s') Gorilla Model GLX-5B ladder utilized by Plaintiff Roderick Caine was defective, unmerchantable, and unfit for its ordinary and intended purpose when sold by Defendant(s).

29.    As a direct and proximate result of Defendant(s') breach of implied warranty, Plaintiff Roderick Caine has suffered damages as outlined in paragraph 7 above.

**D.    Fourth Claim for Relief - Breach of Express Warranty**

30.    Plaintiff Roderick Caine incorporates paragraphs 1 through 29 of his Complaint as if set forth herein.

31.   Defendant(s) breached their warranties by offering for sale, and selling as non-defective, their Gorilla Model GLX-5B ladder, which in fact was defective with respect to its design, manufacture, and/or assembly.

32.   As a direct and proximate result of Defendant(s') breach of their express warranties as described herein, Plaintiff Roderick Caine has suffered damages as outlined in paragraph 7 above.

### E.   Fifth Claim for Relief – Idaho Consumer Protection Act

33.   Plaintiff Roderick Caine incorporates paragraphs 1 through 32 of his Complaint as if set forth herein.

34.   Defendant(s) are subject to the provisions of the Idaho Consumer Protection Act, Idaho Code Section 48-601, *et seq.*

35.   Defendant(s) misrepresented the characteristics of the Gorilla Model GLX-5B ladder and represented that the Gorilla Model GLX-5B ladder was of a particular quality when they knew, or should have known, that it was not, in violation of the Idaho Consumer Protection Act, Idaho Code Section 48-603.

36.   As a direct and proximate result of Defendant(s') breach of the Idaho Consumer Protection Act, Plaintiff Roderick Caine has suffered damages as outlined in paragraph 15 above.

### VIII.

### ATTORNEY'S FEES AND COSTS

As a result of Defendant(s') conduct which caused Plaintiff Roderick Caine to suffer damages, Plaintiff has been required to retain the law firm of Johnson and Lundgreen, P.C. and

has incurred expenses relating to such legal representation.  Therefore, Plaintiff Roderick Caine

seeks an award of reasonable attorney fees and costs incurred in this instant action.

## IX.

## ADDITIONAL DAMAGES

Plaintiff Roderick Caine reserves the right to seek leave of the Court to amend his

Complaint to include a prayer for additional damages against Defendant(s).

## X.

## DEMAND FOR JURY TRIAL

Plaintiff Roderick Caine hereby demands a trial by jury for all claims and issues so

triable.

## XI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roderick Caine prays for judgment against each of the

Defendant(s) as follows:

A.    For general damages in an amount to be proven at trial;

B.    For special damages in an amount to be proven at trial;

C.    For damages pursuant to the Idaho Consumer Protection Act, Idaho Code

Section 48-608.

D.    For pre-judgment and post-judgment interest on the above general and special

damages;

E.    For all costs of this suit and attorneys' fees;

F.    For all other relief that that the Court deems just and proper.

DATED this _____ day of January, 2022.

Johnson & Lundgreen, P.C.

By _____

Russell L. Johnson
Attorney for Plaintiff Roderick Caine